**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON**

MICHAEL L. CLEAVER,
:
    Petitioner,                                Case No. 3:07-cv-396

:        District Judge Walter Herbert Rice
   -vs-                                   Chief Magistrate Judge Michael R. Merz

Deborah Timmerman-Cooper, Warden,
:
    Respondent.

---

**STAY ORDER**

---

This habeas corpus case is before the Court for initial review pursuant to Rule 4 of the Rules Governing § 2254 Cases. Petitioner pleads the following grounds for relief:

    **Ground One:** Newly discovered evidence.

    **Supporting facts:** Petitioner has recently discovered two new witnesses to the incident, Dena Terry and Hershel Russell. Both state that a firearm was not used by the petitioner and that the victim's ear was bitten off. Both witnesses were only recently discovered by a licensed private investigator, Wayne Miller. Both witnesses' affidavits are attached hereto. This new evidence combined with other witness testimony at trial creates a strong probability that no gun was used in the incident and that the petitioner is innocent regarding the weapons specification.

    **Ground Two:** Denied effective assistance of counsel when a forensic medical expert was not retained by trial counsel.

    **Supporting Facts:** A forensic medical expert was needed and could have testified that the ear injury sustained by the victim was caused from a bite as opposed to a gun shot. Trial counsel failed to retain, either privately or through the court, a medical expert to review the medical evidence. Both x-rays, CT scans, and medical records were

>available as part of discovery.  This deficient performance by trial counsel prejudiced the Petitioner by denying him any viable defense.
>
>**Ground Three:** Conviction for gun specification was against the manifest weight of the evidence.
>
>**Supporting Facts:** At trial independent witness Shanna Jenkins testified that no firearm was used in the incident.  The 911 call from victim Herman Hicks states that he said his ear was bitten off.  Herman Hicks later changed his statement after the 911 operator implied that his ear was shot off.  Petitioner testified that no gun was used.  New witnesses Dena Terry and Hershell Russell state no firearm was used.  Furthermore, if the ear was shot off it would have been virtually impossible for Petitioner to find it, pick it up, and tell Herman Hicks to come back and pick up his ear as he claims.

(Petition, Doc. No. 1, at 8-9.)

The Petition in this case is, on its face, a "mixed" petition. It includes at least one claim as to which Petitioner has exhausted available state court remedies: the third claim for relief was included in Petitioner's direct appeal.  It includes at least one claim on which Petitioner plainly believes he has not exhausted available state court remedies; he has filed a motion for new trial on the basis of newly discovered evidence as is set forth in his first claim for relief.

Under *Rose v. Lundy,* 455 U.S. 509 (1982), a district court was obliged to dismiss a "mixed" petition, but that was before Congress imposed a statute of limitations on habeas corpus claims in the Antiterrorism and Effective Death Penalty Act of 1996 (Pub. L. No 104-132, 110 Stat. 1214)(the "AEDPA").

More recently, the Court has held that district courts have authority to grant stays in habeas corpus cases to permit exhaustion of state court remedies in consideration of the AEDPA's preference for state court initial resolution of claims.  It cautioned, however,

>[S]tay and abeyance should be available only in limited circumstances. Because granting a stay effectively excuses  a

> petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court. Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless. Cf. 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State"). . . .
>
> On the other hand, it likely would be an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics.

*Rhines v. Weber*, 544 U.S. 269, 125 S. Ct. 1528, 161 L. Ed. 2d 440 (2005).  It also directed district courts to place reasonable time limits on the petitioner's trip to state court and back.

Here the Petitioner has not asked for a stay pending exhaustion, but this Court cannot adjudicate unexhausted claims unless the State expressly waives exhaustion or the Court decides the claims are without merit.  Because the State has not yet been joined, it has had no occasion to decide whether or not to waive exhaustion, and this Court is loathe to decide the merits of Petitioner's claims when he has an apparently viable state court remedy.

Accordingly, it is hereby ORDERED:

1. All proceedings herein are stayed pending the outcome of Petitioner's motion for new trial in the Montgomery County Common Pleas Court, including any proceedings on appeal in that matter.

2. Petitioner shall promptly file with this Court a copy of his Motion for New Trial and shall thereafter keep this Court currently apprised on the status of those proceedings.

3.	The Clerk shall serve a copy of this Order and of the Petition and supporting Memorandum on the Attorney General of the State of Ohio.  No response is required of the Attorney General at this time, but his office should be aware of the pendency of this matter and the Stay Order.

October 18, 2007.

                     s/ **Michael R. Merz**
                     Chief United States Magistrate Judge